IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ABOKASEM, et al., | No. C-10-01781 MMC |
| Plaintiffs, | **ORDER STRIKING RENEWED MOTIONS TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |
| v. | |
| ROYAL INDIAN RAJ INTERNATIONAL CORP., et al., | |
| Defendants | |

    Before the Court are (1) Diane McFadin's ("McFadin") renewed motion, filed May 16, 2011 and noticed for hearing June 24, 2011, to withdraw as counsel pro hac vice for Defendants Royal Indian Raj International Corp., Royal Indian Raj International Holdings Corp., Royal Indian Raj International Real Estate Fund Ltd., Royal Garden Villas Resort Corp., Manoj C. Benjamin, Anjula Benjamin, Maya Benjamin, and Janet MacFarlane's (collectively, "RIRIC defendants"), and (2) Minal Belani's ("Belani") renewed motion, filed May 11, 2011, to withdraw as local counsel for the RIRIC defendants.  By order filed May 13, 2011, the Court denied McFadin and Belani's previous motions to withdraw, for failure to properly serve the motions on their clients, as well as Belani's failure to notice her motion for hearing.

    As set forth below, the renewed motions are, as were their predecessors, deficient.

    Each of the renewed motions purportedly was served on defendant Manoj Benjamin

by email. (See McFadin Renewed Mot. Proof of Service; Belani Renewed Mot. Proof of Service.) Neither McFadin nor Belani, however, submits authority suggesting such emailed service satisfies the federal service requirements. See Fed. R. Civ. P. 5(a)(1)(D) (providing "a written motion" must be served on "every party"); id. 5(b)(2) (providing acceptable means of service include "handing it to the person," "mailing it to the person's last known address," or "sending it by electronic means if the person consented in writing" (emphasis added)).

Even assuming Manoj Benjamin consented to such service and proof thereof were submitted to the Court, McFadin has not submitted proof of service on any of the remaining defendants, or, in the alternative, shown service on Manoj Benjamin is sufficient to constitute service on the remaining defendants, such as a declaration stating the remaining defendants have agreed that Manoj Benjamin may accept service on their behalf, or facts from which such an inference can be drawn. Although Belani states she served the "Corporate Defendants" by United States mail, Belani submits no proof of service as to the remaining individual defendants.[1]

In addition, neither counsel has provided a declaration stating the last known mailing address for each of the RIRIC defendants for purposes of service of future motions and orders in this matter pending an appearance by new counsel.[2]

Lastly, despite the Court's direction to notice the motion for hearing, Belani once again fails to do so.

Accordingly:

1. The motions are, in each instance, hereby STRICKEN for failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this Court;

---

[1] As noted below, there is no declaration stating the address to which such mailing was sent is the last known address of said corporate entities.

[2] The Court further notes that corporations and other artificial entities may not appear pro se, and "may appear only through a member of the bar of this Court." See Civil L.R. 3-9(b); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (holding corporations and other entities cannot represent themselves and can appear only through counsel).

2.  No later than May 27, 2011, McFadin and Belani may file renewed motions, curing the above-described deficiencies; alternatively, as both counsel state their clients "have obtained other counsel that is coming in to the case" (See Aff. of Diane McFadin at ¶ 9; Aff. of Minal Belani at ¶ 11), McFadin and Belani may prefer to file a notice of substitution of counsel at the time said counsel is retained.

**IT IS SO ORDERED.**

Dated: May 18, 2011

_____
MAXINE M. CHESNEY
United States District Judge