**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMED ABOKASEM, et al.,

    Plaintiffs,

    v.

ROYAL INDIAN RAJ INTERNATIONAL CORP., et al.,

    Defendants

No. C-10-01781 MMC

**ORDER CONDITIONALLY GRANTING DEFENSE COUNSELS' JOINT MOTION TO WITHDRAW; DENYING REQUEST FOR STAY; CONTINUING CASE MANAGEMENT CONFERENCE; DIRECTIONS TO CLERK**

    Before the Court is Diane McFadin ("McFadin") and Minal Belani's ("Belani") joint motion to withdraw as counsel, filed May 27, 2011 ("Joint Motion"). Plaintiffs have filed opposition, to which McFadin has replied. Having read and considered the papers filed in support of and in opposition to the Joint Motion, the Court rules as follows.[1]

    On September 8, 2010, Belani filed a notice of appearance as counsel for defendants Royal Indian Raj International Corp., Royal Indian Raj International Holding Corp., Royal Indian Raj Real Estate Fund Ltd., Royal Garden Villas Resort Corp., Manoj C. Benjamin, Anjula Yaseem Benjamin, Maya Benjamin, and Janet MacFarlane (collectively, "RIRIC defendants").[2] On September 15, 2010, the Court granted McFadin's application to

---

[1] By order filed June 21, 2011, the Court vacated the July 1, 2011 hearing on the Joint Motion.

[2] Prior to the filing of the instant motion, two of the RIRIC defendants for whom McFadin and Belani initially appeared were dismissed by the Court for lack of personal jurisdiction. (See Order Granting in Part and Denying in Part Def.s' Mot. to Dismiss, Feb. 2, 2011 (dismissing Maya Benjamin and Janet MacFarlane).)

appear pro hac vice on behalf of the same defendants.

By the instant motion, McFadin and Belani seek to "withdraw as counsel to [d]efendants Royal Indian Raj Int'l Corp. ('RIRIC'), Royal Indian Raj Int'l Holdings Corp. ('RIRIC Holdings'), Royal Indian Raj Int'l Real Estate Fund Ltd. ('RIR Real Estate'), Royal Garden Villas Resort Corp. ('Royal Garden') and Manoj C. Benjamin." (See Joint Mot. at 2:7-10.)[3] McFadin and Belani identify the reasons for withdrawal as the "breakdown in communication between [d]efendants and [d]efense [c]ounsel," McFadin's impending retirement, and Belani's new employment that prohibits her from continuing as local counsel. (See Joint. Mot. at 2:13-22.)

By orders filed May 13, 2011 and May 18, 2011, the Court denied McFadin and Belani's earlier motions to withdraw, based on lack of proper service of said motions on the RIRIC defendants and other procedural deficiencies. McFadin and Belani now submit, with respect to defendants RIRIC, RIRIC Holdings, RIR Real Estate, and Manoj C. Benjamin, proof of service at said defendants' "last known addresses." (See Proof of Service, filed May 27, 2011.) Plaintiff's object to the sufficiency of such service on the ground that "defense counsel may not know the actual business or residential addresses of their clients." (See Pls.' Opp. at 2:12-13.) Plaintiffs further note that McFadin and Belani have failed to show proof of service of the Joint Motion on either Royal Garden or Anjula Yaseem Benjamin. In response, McFadin admits she has not been successful in serving her clients at the last mailing address she was given for them and that, despite her efforts to acquire an updated address, she has no better business or residential mailing address at which to accomplish service. (See Further Aff. of McFadin in Supp. of Joint. Mot. ¶ 2 ("I have emailed [my] clients several times asking for updated addresses for service but these requests have been ignored.").) McFadin further states that she has communicated with

---

[3] Although the Joint Motion does not request leave to withdraw as counsel for Anjula Yaseem Benjamin, such omission appears to have been inadvertent, given the stated reasons for withdrawal and counsels' prior motions to withdraw, each of which was made as to all of the RIRIC defendants. (See Docket Nos. 66, 69, 71, 76, 77.) Consequently, as plaintiffs will suffer no prejudice thereby, the Court construes the Joint Motion as seeking withdrawal as to Anjula Yaseem Benjamin as well.

2

1  Manoj Benjamin by telephone, that "he is well aware of what is going on" (see id. ¶ 3), and
2  that all of her communications with the RIRIC defendants have been through Manoj
3  Benjamin (see id. ¶ 4).

4        The Federal Rules of Civil Procedure provide for service of a paper by "mailing [ ] to
5  the person's last known address." See Fed. R. Civ. P. 5(b)(2)(C).  Further, the Court does
6  not find it appropriate to require McFadin and Belani to continue as counsel of record for
7  defendants who refuse to communicate with them.  Additionally, in light of Manoj
8  Benjamin's role as McFadin and Belani's sole means of communication with the RIRIC
9  defendants (see Further Aff. of McFadin in Supp. of Joint. Mot. ¶ 4), the Court deems
10 McFadin and Belani to have fulfilled their responsibilities to provide notice to all of the
11 RIRIC defendants.  See Fed R. Civ. P. 5(b)(2)(C); Civil L.R. 11-5 (requiring notice of motion
12 to withdraw be given to client "reasonably in advance" of order approving withdrawal).  In
13 sum, the motion to withdraw will be granted.[4]

14       As part of their motion, McFadin and Belani request the Court stay the action for 60
15 days "to allow the RIRIC [d]efendants the opportunity to engage new counsel." (See Joint
16 Mot. at 2:11-12.)  The request for a stay will be denied, both by reason of the RIRIC
17 defendants' lack of cooperation as discussed above and because, according to McFadin
18 and Belani, said defendants informed present counsel as early as April 29, 2011 that they
19 "have obtained other counsel that is coming in to the case but have not yet been formally
20 retained."  (See McFadin Decl. ¶ 9, April 29, 2011; Belani Aff. ¶ 11, May 11, 2011.)

21       The Court will, however, continue the upcoming Case Management Conference to
22 August 5, 2011, in order to provide the RIRIC defendants additional time to either retain

---

[4] Plaintiffs request the Court condition any such grant on counsels' acceptance of service of documents on behalf of their former clients.  Such request is hereby DENIED, in light of McFadin's impending retirement (see McFadin Aff. ¶ 4, filed May 27, 2011) and the restrictions placed on Belani by her current law firm as well as her lack of contact with the clients (see Belani Aff. ¶¶ 4, 6, filed May 27, 2011).  The Court will, however, condition McFadin and Belani's withdrawal on their service of this order on the RIRIC defendants, to be accomplished in the same manner by which they served the Joint Motion.

3

new counsel or to arrange to appear in person before the Court.[5]

Accordingly, for the reasons stated above:

1. McFadin and Belani 's Joint Motion to withdraw as counsel for the RIRIC defendants is hereby GRANTED, on the condition that McFadin or Belani serve a copy of this order upon the RIRIC defendants by the same means by which they served the Joint Motion, which includes service at both a mailing address and email address, and file proof of such service no later than July 8, 2011.

2. The request for a 60-day stay of the action is hereby DENIED.

3. The Case Management Conference currently scheduled for July 1, 2011 is hereby CONTINUED to August 5, 2011.  A Joint Case Management Statement shall be filed no later than July 29, 2011.  The RIRIC defendants shall appear at said conference either by new counsel or in person.

4. Unless otherwise advised by the Court, or the RIRIC defendants file an updated address of record or new counsel appears on behalf of the RIRIC defendants, plaintiffs may serve said defendants by mailing papers to their last known address:  Suite 610, 375 Water Street, Vancouver, BC, CA V6B 5C6, and at the same time to their last known email address:  manojbenjamin@hotmail.com.

5. The Clerk is hereby DIRECTED to include Suite 610, 375 Water Street, Vancouver, BC, CA V6B 5C6 as each of the RIRIC defendants' current address of record.[6]

**IT IS SO ORDERED.**

Dated: June 29, 2011

MAXINE M. CHESNEY
United States District Judge

---

[5] The corporate defendants are hereby ADVISED that corporations and other artificial entities may not appear pro se, and "may appear only through a member of the bar of this Court." See Civil L.R. 3-9(b); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (holding corporations and other entities cannot represent themselves and can appear only through counsel).

[6] Each of the RIRIC defendants is hereby ADVISED that if mail directed by the Court to a defendant is returned as not deliverable, and the Court fails to receive within 60 days of such return a written communication from said defendant indicating a current address, the Court may strike said defendant's answer. See Civil L.R. 3-11(b).

4